IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| REVSTONE INDUSTRIES, LLC, et al., ) | Bank. No. 12-13262 (BLS) |
| ) | Chapter 11 |
| Debtors. ) | |

| | |
|---|---|
| GEORGE S. HOFMEISTER, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civ. No. 13-565-SLR |
| ) | |
| THE OFFICIAL COMMITTEE OF ) | |
| UNSECURED CREDITORS OF ) | |
| REVSTONE INDUSTRIES, LLC, ) | |
| ) | |
| Appellee. ) | |

| | |
|---|---|
| THE OFFICIAL COMMITTEE OF ) | |
| UNSECURED CREDITORS OF ) | |
| REVSTONE INDUSTRIES, LLC, ) | |
| ) | |
| Cross-Appellant, ) | |
| ) | |
| v. ) | Civ. No. 13-566-SLR |
| ) | |
| GEORGE S. HOFMEISTER, ) | |
| ) | |
| Cross-Appellee. ) | |

**MEMORANDUM**

At Wilmington this 24th day of September, 2015, having reviewed the appeals filed in the above captioned cases, and the papers filed in connection therewith; I will

affirm the February 21, 2013 decision of the bankruptcy court (Civ. No. 13-565, ex. 7; Civ. No. 13-566, D.I. 11, ex. 3), for the reasons that follow:

1. **Procedural background.** Debtors Revstone Industries, LLC ("Revstone"), Spara, LLC, Greenwood Forgings, LLC, and US Tool and Engineering, LLC (collectively, "debtors")[1] filed a voluntary bankruptcy petition under title 11 of the United States Code, §§ 101-1532. On December 17, 2012, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors of Revstone Industries, LLC ("the Committee"), pursuant to 11 U.S.C. § 1102(a)(1). On January 15, 2013, the Committee submitted an application seeking approval to retain and employ Womble Carlyle Sandridge & Rice, LLP ("WCSR"), as counsel for the Committee *nunc pro tunc* to December 17, 2012 ("the Application"). On January 30, 2013, George S. Hofmeister, the individual who founded Revstone in 2008 and who was the Chairman of Revstone and/or a member of its Board of Managers, filed an objection to the Application based on his assertion that WCSR had a conflict of interest because it had previously provided legal advice to Revstone in connection with the domestication of a judgment by Boston Finance Group, a member and chair of the Committee.

2. After a hearing and supplemental briefing, the bankruptcy court concluded (over the objection of the Committee) that Mr. Hofmeister had standing to object to WCSR's retention. The bankruptcy court also overruled Mr. Hofmesiter's objection, however, finding that the disclosures by WCSR of its prior representation were

---

[1] Revstone was a holding company for various other companies (including the above identified debtors) that manufacture components for the automotive, aerospace, and other industries.

sufficient to meet the requirements of 11 U.S.C. §§ 328 and 1103, that WCSR's representation of Chicago Miniature Lighting, LLC ("Chicago Miniature")[2] did not disqualify WCSR from representing the Committee, and that WCSR had not violated the Delaware Lawyers' Rules of Professional Conduct ("DLRPC"), Rule 1.9, relating to prior clients. (Civ. No. 13-565, D.I. 11, ex. 6 at AO195-197; ex. 7) Both Mr. Hofmeister and the Committee filed timely appeals. On March 23, 2015, the bankruptcy court issued an order confirming the debtors' joint Chapter 11 plan of reorganization. A quick review of the bankruptcy docket reveals that WCSR's final fee application was just approved without objection. The appeals were reassigned to this judicial officer in May 2015.

3. **Standard of review.** This court has jurisdiction to hear an appeal from the bankruptcy court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a plenary standard to that court's legal conclusions. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). With mixed questions of law and fact, the court must accept the bankruptcy court's "finding of historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the [bankruptcy] court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" *Mellon Bank, N.A. v. Metro Communications, Inc.*, 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101–02 (3d Cir. 1981)). The district court's appellate responsibilities

---

[2]Chicago Miniature is an entity affiliated with Revstone, but is not a debtor in the above identified bankruptcy proceedings. (Civ. No. 13-565, D.I. 12 at 3)

3

are further informed by the directive of the United States Court of Appeals for the Third Circuit, which effectively reviews on a de novo basis bankruptcy court opinions. *In re Hechinger*, 298 F.3d 219, 224 (3d Cir. 2002); *In re Telegroup*, 281 F.3d 133, 136 (3d Cir. 2002).

4. **Standing.** With respect to the Committee's appeal, Mr. Hofmeister failed to file an answering brief, or otherwise respond to, the appeal. (Civ. No. 13-566) The appeal is based on the bankruptcy court's considering the merits of Mr. Hofmeister's objection to retention, as explained below:

> I have also carefully reviewed Mr. Hofmeister's affidavit and my ruling today operates **on the assumption that he has standing** to raise that. So I am ruling on the objection on the merits. I realize that there is a substantive issue with respect to standing which . . . is an interesting question about who is entitled to raise an objection to the engagement of a firm and who is entitled to press a potential for an asserted conflict, but I will proceed **on the assumption that Mr. Hofmeister** for our purposes **has standing** to raise his concerns with respect to both the applicable provisions of the Bankruptcy Code as well as provisions of the Delaware Rules of Professional Conduct. And I don't find that there is a violation of the Delaware Rules of Professional Conduct specifically Rule 1.9 as it relates to prior clients.

(Civ. No. 13-566, D.I. 11 at A0242-243) (emphasis added).

5. I agree with the Committee that Mr. Hofmeister had no standing to object to the retention application because, in the first instance, he was never a client of WCSR and, in the second instance, he failed to demonstrate that the alleged conflict would somehow prejudice his rights or otherwise call into question "the fair or efficient administration of justice. . . ." *In re Appeal of Infotechnology, Inc.*, 582 A.2d 215, 221 (Del. 1990). With respect to the latter requirement, it is significant to note that neither Chicago Miniature nor Revstone objected to WCSR's retention.

4

6. **Retention.** Despite my finding above, I have reviewed the merits of the objection and conclude that the bankruptcy court did not err in rejecting such. Section 1103(b) of the bankruptcy code governs a committee's retention of counsel and provides that "an attorney . . . employed to represent a committee . . . may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. . . ." 11 U.S.C. § 1103(b). Disqualification under the code, therefore, requires the existence of an actual, ongoing conflict between a law firm's representation of a committee and its representation of an entity with an adverse interest. *See, e.g., In re Muma Servs., Inc.*, 286 B.R. 583, 590-91 (Bankr. D. Del. 2002). Under this standard, the bankruptcy court did not err in approving the retention of WCSR on the basis of WCSR's prior representation of Chicago Miniature (a non-debtor) on an unrelated matter that concluded prior to the filing of Revstone's bankruptcy case. *See, e.g., In re Enron Corp.*, 2003 WL 223455, at *17 (S.D.N.Y. Feb. 3, 2003) ("Section 1103(b) is not violated if [committee counsel] represents an entity with an adverse interest in a matter unrelated to the bankruptcy case or in a matter that pre-dates [the committee counsel's] representation of the Committee."); *In re Nat'l Century Fin. Enters.*, 298 B.R. 112, 118 (Bankr. S.D. Ohio 2003) (permitting retention of counsel for an official noteholders subcommittee over the objection of the United States Trustee where counsel's prior representation of the debtor had concluded prior to such counsel's retention by such committee). Even if I were to embrace Mr. Hofmeister's version of the facts, i.e., that WCSR gave advice to Revstone regarding the ability of Boston Finance (a member of the Committee) to enforce its judgment in South Carolina

against Revstone, and even if (unidentified) confidential documents were shared in this regard, the record is undisputed that: (1) no formal engagement was entered into;[3] (2) the advice was given in connection with a discrete matter unrelated to the bankruptcy cases;[4] and (3) the advice was given (i.e., the "representation" ended) before the filing of the bankruptcy case.[5]

7. **Conclusion.** Under any reading of the statute or the case law,[6] the bankruptcy court did not err in approving the retention of WCSR as the Committee's counsel over the objection of Mr. Hofmeister. An order will issue.

_____
United States District Judge

---

[3]Indeed, WCSR recorded no time associated with the consultation. (Civ. No. 13-565, D.I. 14 at A0110)

[4]The domestication of a judgment in South Carolina which, as it turns out, could not be (and was not) enforced against Revstone, a holding company with no assets in South Carolina. (Civ. No. 13-565, D.I. 113 at 15)

[5]The entire transaction between James O'Toole (an in-house attorney for Chicago Miniature and Revstone) and WCSR regarding the matter transpired over the course of a day or two in June 2012. (Civ. No. 13-565, D.I. 14 at A0105-106, A0120) WCSR was selected as the Committee's counsel in December 2012. (*Id.* at A0107)

[6]Given the above discussion regarding standing and the analysis under the bankruptcy code, I do not address the alleged violations of the professional rules of conduct of either South Carolina or Delaware.